```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF MINNESOTA
                   Civil No. 14-247(DSD/SER)
```

Alix Kendall,

        Plaintiff,

v.                                                    **ORDER**

Anoka County; Beltrami County; Benton
County; Blue Earth County; Brown
County; Buffalo Automotive, Inc.;
Cars-N-Credit, Inc.; Carver County;
Cass County; Centennial Lakes Police
Department; Chippewa County; Chisago
County; City of Albert Lea; City of
Amboy; City of Annandale; City of
Anoka; City of Apple Valley; City of
Arlington; City of Baxter; City of
Becker; City of Belle Plaine; City of
Biwabik; City of Blackduck; City of
Blaine; City of Blooming Prairie; City
of Bloomington; City of Brainerd; City
of Brooklyn Center; City of Brooklyn
Park; City of Buffalo Lake; City of
Burnsville; City of Cambridge; City of
Cannon Falls; City of Champlin; City of
Chaska; City of Columbia Heights; City
of Coon Rapids; City of Corcoran; City
of Cottage Grove; City of Crosby; City
of Crosslake; City of Crystal; City of
Deephaven; City of Duluth; City of
Eagan; City of Eden Prairie; City of
Edina; City of Elk River; City of Elmore;
City of Fairmont; City of Faribault;
City of Farmington; City of Forest Lake;
City of Fridley; City of Glencoe; City
of Golden Valley; City of Grand Rapids;
City of Green Isle; City of Hastings;
City of Henderson; City of Hermantown;
City of Hopkins; City of Howard Lake;
City of Hutchinson; City of Inver Grove
Heights; City of Isanti; City of Isle;
City of Jordan; City of Lake City;
City of Lake Crystal; City of Lakeville;
City of Le Center; City of Le Sueur;
City of Lino Lakes; City of Litchfield;
City of Mankato; City of Maple Grove;
City of Maplewood; City of Marshall;

City of Medina; City of Mendota Heights; City of Milaca; City of Minneapolis; City of Minnetonka; City of Minnetrista; City of Moorhead; City of Mora; City of Morris; City of Mound; City of Mounds View; City of New Brighton; City of New Hope; City of New Prague; City of New Ulm; City of North Branch; City of Northfield; City of North St. Paul; City of Oakdale; City of Oak Park Heights; City of Onamia; City of Orono; City of Osakis; City of Owatonna; City of Perham; City of Plymouth; City of Princeton; City of Prior Lake; City of Ramsey; City of Randall; City of Red Wing; City of Richfield; City of Robbinsdale; City of Rochester; City of Rogers; City of Rosemount; City of Roseville; City of Royalton; City of Sartell; City of Sauk Centre; City of Sauk Rapids; City of Savage; City of Shakopee; City of Silver Lake; City of South St. Paul; City of Spring Lake Park; City of St. Anthony; City of St. Cloud; City of St. Francis; City of St. Joseph; City of St. Louis Park; City of St. Paul; City of St. Paul Park; City of St. Peter; City of Staples; City of Starbuck; City of Stillwater; City of Tyler; City of Vernon Center; City of Wabasha; City of Waite Park; City of Waseca; City of Waterville; City of Wayzata; City of Welcome; City of West St. Paul; City of White Bear Lake; City of Willmar; City of Winona; City of Woodbury; City of Wyoming; City of Zumbrota; Cook County; Crow Wing County; Dakota Communications Center; Dakota County; Deml Ford Lincoln, Inc.; Faribault County, Freeborn County; Goodhue County; Grant County; Hennepin County; Hubbard County; Isanti County; Kanabec County; Kandiyohi County; Lakes Area Police Department; Le Sueur County; McLeod County; Meeker County; Metropolitan Council;  Mille Lacs County; Minneapolis Park & Recreation Board; Morrison County; Mower County; Olmstead County; Pine County; Ramsey County; Redwood County; Rice County; Sexton-Posch, LLC; Scott County; Sherburne County; South Lake

Minnetonka Police Department; St. Louis County; Stearns County; Steele County; Todd County; Tri-City Police Department; Upper Midwest Organ Procurement Organization, Inc.; Waconia Dodge, Inc; Wadena County; Waseca County; Washington County; Watonwan County; Wright County; Michael Campion, in his individual capacity as the Commissioner of the Department of Public Safety; Ramona Dohman, in her individual capacity as the Commissioner of the Department of Public Safety; John and Jane Does (1-100) acting in their individual capacity as supervisors, officers, deputies, staff, investigators, employees or agents of the other governmental agencies; Department of Public Safety Does (1-30) acting in their individual capacity as officers, supervisors, staff, employees, independent contractors or agents of the Minnesota Department of Public Safety; and Entity Does (1-30) including cities, counties, municipalities, and other entities sited in Minnesota,

                Defendants.

    Jeffrey M. Montpetit, Esq., Susan M. Holden, Esq. and Sieben Grose Von Holtum & Carey, Ltd., 901 Marquette Avenue, Suite 500, Minneapolis, MN 55402; Jonathan A. Strauss, Esq., Lorenz F. Fett, Jr., Esq., Mark H. Zitzewitz, Esq., Sonia L. Miller-Van Oort, Esq., Kenneth H. Fukuda, Esq. and Sapientia Law Group PLLC, 12 South Sixth Street, Suite 1242, Minneapolis, MN 55402, counsel for plaintiff.

    Jon K. Iverson, Esq., Stephanie A. Angolkar, Esq., Susan M. Tindal, Esq. and Iverson Reuvers Condon, 9321 Ensign Avenue South, Bloomington, MN 55438; Bryan D. Frantz, Esq. and Anoka County Attorney's Office, 2100 Third Avenue, Anoka, MN 55303; Erin E. Benson, Esq., Margaret A. Skelton, Esq., Timothy A. Sullivan, Esq. and Ratwik Roszak & Maloney, P.A., 730 Second Avenue South, Suite 300, Minneapolis, MN 55402; Amelia N. Jadoo, Esq., Helen R. Brosnahan, Esq. and Dakota County Attorney's Office, 1560 Highway 55, Hastings, MN 55033; M. Alison Lutterman, Esq., Nathan N. LaCoursiere, Esq. and Duluth City Attorney's Office, 411 West First Street, Room 410, Duluth, MN 55802; Christopher J, Haugen, Esq., Mark P. Hodkinson, Esq. and Bassford Remele, PA, 33 South Sixth

Street, Minneapolis, MN 55402; Toni A. Beitz, Esq., Beth A. Stack, Esq., Daniel D. Kaczor, Esq. and Hennepin County Attorney's Office, 300 South Sixth Street, Minneapolis, MN 55487; Daniel L. Abelson, Esq. and Metropolitan Council, 390 Robert Street North, St. Paul, Minnesota 55101; Sarah C.S. McLaren, Esq. and Office of the Minneapolis City Attorney, 350 South Fifth Street, Room 201, Minneapolis, MN 55415; Ann E. Walther, Esq., Daniel A. Louismet, Esq. and Rice Michels & Walther, LLP, 10 Second Street Northeast, Suite 206, Minneapolis, MN 55413; Gregory J. Griffiths, Esq., Jennifer Marie Peterson, Esq. and Dunlap & Seeger, 206 South Broadway, Suite 505, Rochester, MN 55904; Kimberly R. Parker, Esq., Robert B. Roche, Esq. and Ramsey County Attorney's Office, 121 Seventh Place East, Suite 4500, St. Paul, MN 55101; Nick D. Campanario, Esq., Leslie E. Beiers, Esq. and St. Louis County Attorney's Office, 100 North Fifth Avenue West, Room 501, Duluth, MN 55802; Cheri M. Sisk, Esq. and City of St. Paul Attorney's Office, 15 West Kellogg Boulevard, 750 City Hall, St. Paul, MN 55102; Oliver J. Larson, Esq. and Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101; Mark Scholle, Esq. and Scholle Law Firm, Ltd., 8742 Leeward Circle, Eden Prairie, MN 55344; Terrence J. Fleming, Esq., Sharda R. Kneen, Esq. and Lindquist & Vennum PLLP, 80 South Eighth Street, Suite 4200, Minneapolis, MN 55402; Kyle R. Hardwick, Esq., Timothy A. Sullivan, Esq. and Best & Flanagan, 225 South Sixth Street, Suite 4000, Minneapolis, MN 55402, counsel for defendants.

This matter is before the court upon the motions to dismiss by defendants[1] and the motions to sever by all defendants except

---

[1] Defendants include Anoka County; Beltrami County; Benton County; Blue Earth County; Brown County; Carver County; Cass County; Chippewa County; Chisago County; Cook County; Crow Wing County; Dakota County; Faribault County, Freeborn County; Goodhue County; Grant County; Hennepin County; Hubbard County; Isanti County; Kanabec County; Kandiyohi County; Le Sueur County; McLeod County; Meeker County; Mille Lacs County; Morrison County; Mower County; Olmstead County; Pine County; Ramsey County; Redwood County; Rice County; Scott County; Sherburne County; St. Louis
(continued...)

---

[1](...continued)
County; Stearns County; Steele County; Todd County; Wadena County; Waseca County; Washington County; Watonwan County; Wright County (collectively, County Defendants); City of Albert Lea; City of Amboy; City of Annandale; City of Anoka; City of Apple Valley; City of Arlington; City of Baxter; City of Becker; City of Belle Plaine; City of Biwabik; City of Blackduck; City of Blaine; City of Blooming Prairie; City of Bloomington; City of Brainerd; City of Brooklyn Center; City of Brooklyn Park; City of Buffalo Lake; City of Burnsville; City of Cambridge; City of Cannon Falls; City of Champlin; City of Chaska; City of Columbia Heights; City of Coon Rapids; City of Corcoran; City of Cottage Grove; City of Crosby; City of Crosslake; City of Crystal; City of Deephaven; City of Duluth; City of Eagan; City of Eden Prairie; City of Edina; City of Elk River; City of Elmore; City of Fairmont; City of Faribault; City of Farmington; City of Forest Lake; City of Fridley; City of Glencoe; City of Golden Valley; City of Grand Rapids; City of Green Isle; City of Hastings; City of Henderson; City of Hermantown; City of Hopkins; City of Howard Lake; City of Hutchinson; City of Inver Grove Heights; City of Isanti; City of Isle; City of Jordan; City of Lake City; City of Lake Crystal; City of Lakeville; City of Le Center; City of Le Sueur; City of Lino Lakes; City of Litchfield; City of Mankato; City of Maple Grove; City of Maplewood; City of Marshall; City of Medina; City of Mendota Heights; City of Milaca; City of Minneapolis; City of Minnetonka; City of Minnetrista; City of Moorhead; City of Mora; City of Morris; City of Mound; City of Mounds View; City of New Brighton; City of New Hope; City of New Prague; City of New Ulm; City of North Branch; City of Northfield; City of North St. Paul; City of Oakdale; City of Oak Park Heights; City of Onamia; City of Orono; City of Osakis; City of Owatonna; City of Perham; City of Plymouth; City of Princeton; City of Prior Lake; City of Ramsey; City of Randall; City of Red Wing; City of Richfield; City of Robbinsdale; City of Rochester; City of Rogers; City of Rosemount; City of Roseville; City of Royalton; City of Sartell; City of Sauk Centre; City of Sauk Rapids; City of Savage; City of Shakopee; City of Silver Lake; City of South St. Paul; City of Spring Lake Park; City of St. Anthony; City of St. Cloud; City of St. Francis; City of St. Joseph; City of St. Louis Park; City of St. Paul; City of St. Paul Park; City of St. Peter; City of Staples; City of Starbuck; City of Stillwater; City of Tyler; City of Vernon Center; City of Wabasha; City of Waite Park; City of Waseca; City of Waterville; City of Wayzata; City of Welcome; City of West St. Paul; City of White Bear Lake; City of Willmar; City of Winona; City of Woodbury; City of Wyoming; City of Zumbrota (collectively, City Defendants); Michael Campion and Ramona Dohman,
(continued...)

Anoka County, the Commissioner Defendants and the Park Board. Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motions to dismiss and denies as moot the motions to sever.[2]

**BACKGROUND**

This privacy dispute arises out of defendants' access of the motor vehicle record of plaintiff Alix Kendall between 2003 and 2012.  Compl. ¶ 2.  Kendall is the co-host of the Fox 9 Morning News and The Fox Buzz. Id. ¶¶ 219-20, 222.  Kendall asserts claims against numerous counties and cities and various private businesses, as well as against the current and former commissioners of the Minnesota Department of Safety (DPS).  This case is just one of many nearly identical cases filed in this district, three of which this court previously dismissed.  See Potocnik v. Anoka Cnty., No. 13-1103, 2014 WL 683980 (D. Minn. Feb. 21, 2014); Bass

---

[1](...continued)
acting in their individual capacities as Commissioner of the Minnesota Department of Public Safety (collectively, Commissioner Defendants); Minneapolis Park and Recreation Board (Park Board); Centennial Lakes Police Department; Lakes Area Police Department; South Lake Minnetonka Police Department; Tri-City Police Department (collectively, Police Defendants); Dakota Communications Center (DCC); Buffalo Automotive, Inc.; Cars-N-Credit, Inc.; Deml Ford Lincoln, Inc.; Upper Midwest Organ Procurement Organization, Inc.; Sexton-Posch, LLC; Waconia Dodge, Inc.; and unknown persons and unknown entities (collectively, Unknown Defendants).

[2] It does not appear that Kendall has served Sexton-Posch, LLC.  As a result, the court does not enter final judgment in this matter.

v. Anoka Cnty., No. 13-860, 2014 WL 683969 (D. Minn. Feb. 21, 2014); McDonough v. Al's Auto Sales, Inc., No. 13-1889, 2014 WL 683998 (D. Minn. Feb. 21, 2014).

DPS makes drivers' motor vehicle records available to law enforcement officers through a computerized Driver and Vehicle Services (DVS) database. Id. ¶ 231. In 2013, Kendall requested an audit of her DVS motor vehicle record from DPS. Id. ¶ 1100. The audit showed that the record had been accessed 3,844 times from facilities maintained by defendant agencies, counties and cities. See id. ¶ 1104; see id. Ex. A. The record included her address, photograph, date of birth, weight, height, eye color and driver identification number.[3] Compl. ¶ 1023. Kendall alleges that there was no legitimate purpose for each access, and that the Commissioner Defendants "disclosed ... [her] [p]rivate [d]ata ... by devising and implementing ... the DVS database." Compl. ¶ 1064.

On January 26, 2014, Kendall filed suit, alleging claims (1) under the Driver's Privacy Protection Act (DPPA), (2) under 42 U.S.C. § 1983 and (3) for invasion of privacy. All defendants move to dismiss. All defendants except Anoka County, the Commissioner Defendants and the Park Board also move to sever.

---

[3] Kendall alleges, upon information and belief, that her private data includes medical and social security information. Id. at 1023.

**DISCUSSION**

**I.  Standard of Review**

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level.  Twombly, 550 U.S. at 555.  "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim.  Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

**II.  DPPA Claims**

Kendall first asserts a claim against all defendants for violations of the DPPA.  The DPPA provides that "[i]t shall be unlawful for any person knowingly to obtain or disclose personal information,[4] from a motor vehicle record, for any use not

---

[4] The DPPA defines "personal information" as including "an individual's photograph, social security number, driver (continued...)

8

permitted under section 2721(b)[5] of this title." 18 U.S.C. § 2722. Under the DPPA, any "person[6] who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains." Id. § 2724(a). Kendall alleges that all defendants either obtained or disclosed her information without a permitted purpose.

### A. Statute of Limitations

Defendants first argue that some of the DPPA claims are time-barred. Because the DPPA does not contain a statute of limitations, the general four-year federal statute of limitations applies. See 28 U.S.C. § 1658(a) ("Except as otherwise provided by law, a civil action arising under an Act of Congress ... may not be commenced later than 4 years after the cause of action accrues."). The parties dispute, however, when a DPPA cause of action accrues.

---

(...continued)
identification number, name, address ..., telephone number, and medical or disability information." 18 U.S.C. § 2725(3).

[5] Section 2721(b) provides that permissible uses include, but are not limited to: court and law enforcement functions, motor vehicle or driver safety or monitoring, certain conduct of legitimate businesses, research activities, production of statistical reports, insurance-related purposes, private investigative agency or security service activities and bulk distribution of surveys and marketing materials. 18 U.S.C. § 2721(b).

[6] A "person" includes "an individual, organization or entity, but does not include a State or agency thereof." 18 U.S.C. § 2725(2).

Defendants argue that the court should adopt "[t]he general rule concerning statutes of limitation[, which] is that a cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought."  Ridenour v. Boehringer Ingelheim Pharms., Inc., 679 F.3d 1062, 1065 (8th Cir. 2012) (first alteration in original) (citations and internal quotation marks omitted).  Kendall responds that the "discovery rule" applies, and that "the statutory period of limitations is tolled until the injured party discovers or reasonably should have discovered facts supporting a cause of action."  Id. (citations omitted).

Although the Eighth Circuit is silent on when a DPPA cause of action accrues, courts in this district hold that the general accrual rule applies to the DPPA.  See, e.g., Potocnik, 2014 WL 683980, at *2; Rasmusson v. Chisago Cnty., No. 12-632, 2014 WL 107067, at *12 (D. Minn. Jan. 10, 2014); Kost v. Hunt, 983 F. Supp. 2d. 1121, 1127-28 (D. Minn. 2013).  In Kost, Judge Ericksen considered relevant precedent as well as textual, historical and equitable arguments before applying the general accrual rule to DPPA claims.  983 F. Supp. 2d at 1126-28.  The court finds Kost persuasive and again adopts its reasoning in applying the general accrual rule.[7]

---

[7] Kendall also argues that, even if the general accrual rule otherwise applies, the court should apply the discovery rule because defendants fraudulently concealed their activities.  In some situations, "fraudulent concealment of information material to
(continued...)

Kendall also implicitly argues that the court should apply the doctrine of equitable tolling, which would allow her to maintain otherwise time-barred claims if inequitable circumstances prevented her from filing sooner. See Kost, 983 F. Supp. 2d at 1130; see also Kampschroer v. Anoka Cnty., No. 13-2512, 2014 WL 3013101, at *6-7 (D. Minn. July 3, 2014) (finding that plaintiff adequately pled equitable tolling by alleging that she was lulled into inaction after DPS allegedly incorrectly informed her that only one person accessed her information and that it had taken steps to prevent such future conduct). In support, Kendall states that "DPS affirmatively misrepresented to [her] the scope of the violations ... [and] refused her specific request for information on the subject ...." ECF No. 206 at 25. The complaint, however, contains no such allegations. Thus, there is no basis to equitably toll the limitations period. As a result, all claims relating to conduct before January 26, 2010 — four years before Kendall commenced this suit — are time-barred, and dismissal of those claims is warranted.

---

⁷(...continued)
a non-fraud claim will toll a limitations period." Abbotts v. Campbell, 551 F.3d 802, 805-06 (8th Cir. 2008) (citation omitted). However, "[u]nder Rule 9(b)'s heightened pleading standard, allegations of fraud, including fraudulent concealment for tolling purposes, [must] be pleaded with particularity." Summerhill v. Terminix, Inc., 637 F.3d 877, 880 (8th Cir. 2011) (second alteration in original) (citation and internal quotation marks omitted). Here, Kendall has not pleaded fraudulent concealment, let alone pleaded it with the requisite particularity. As a result, the allegations of fraudulent concealment are not properly before the court, and this argument is unavailing.

11

### B. Claims Against Commissioners

As to the timely claims, Kendall first alleges DPPA claims against the Commissioner Defendants. Kendall does not allege, however, that the Commissioner Defendants personally obtained the record or personally communicated such information to others. Rather, Kendall alleges that the Commissioner Defendants created, maintained and inadequately monitored the DVS database, thereby facilitating others' improper access to the record. Kendall argues that these allegations support a finding of liability.

To be liable under the DPPA, however, "the Commissioners *themselves* must have acted with ... a[n impermissible] purpose." Nelson v. Jesson, No. 13-340, 2013 WL 5888235, at *3 (D. Minn. Nov. 1, 2013) (emphasis in original). In other words, the DPPA does not impose liability on one who indirectly facilitates *another's* access of a motor vehicle record by maintaining an electronic database. See id.; see also Kiminski v. Hunt, Nos. 13-185, 13-208, 13-286, 13-358, 13-389, 2013 WL 6872425, at *9 (D. Minn. Sept. 20, 2013) ("But the provision[s of the DPPA] may not be stretched to the point of rewriting .... so [that the statute] reaches others at a state agency who gave the officer database access for a legitimate purpose, merely because they did so in a negligent manner."); McDonough, 2014 WL 683998, at *3 (same). Kendall has not pleaded that the Commissioner Defendants acted with an impermissible purpose. Moreover, unlike other statutes, the DPPA does not

12

expressly create a private right of action for mismanagement of records, and the court declines to recognize one here. See Kiminski, 2013 WL 6872425, at *9 (observing that, unlike the DPPA, the Internal Revenue Code explicitly allows private damages claims for negligent disclosures of confidential information).

Kendall acknowledges Kiminski and the court's prior orders in Bass, Potocnik, and McDonough, but argues that her claims survive dismissal because she alleges that the Commissioner Defendants failed to make any "reasonable effort [or] direct[] any subordinate to make any reasonable effort to require that the specified purpose of the disclosure was legitimate and would be adhered to by the person [accessing the data]." Compl. ¶ 1033. Kendall, however, has the burden to plead and prove that the Commissioner Defendants had a "bad purpose" for maintaining the database in its current form. Potocnik v. Carlson, No. 13-2093, 2014 WL 1206403, at *4 (D. Minn. Mar. 24, 2014). Kendall has not met this burden, and dismissal as to the timely DPPA claims against the Commissioner Defendants is warranted.

**C. Claims Against Cities, Counties and Private Entities**

As to the remaining claims, Kendall alleges that defendants accessed her motor vehicle record "for a purpose not permitted under the DPPA." Compl. ¶ 1021. Defendants respond that such allegations are insufficient to state a claim under Iqbal and Twombly. The court agrees.

13

Under the DPPA, the plaintiff has the burden of pleading that a defendant accessed a motor vehicle record with an impermissible purpose. See Maracich v. Spears, 675 F.3d 281, 299-300 (4th Cir. 2012), vacated on other grounds, 133 S. Ct. 2191 (2013); Howard v. Criminal Info. Servs., Inc., 654 F.3d 887, 890-91 (9th Cir. 2011); Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King, & Stevens, P.A., 525 F.3d 1107, 1113-14 (11th Cir. 2008). Here, Kendall baldly states that "[n]one of the [i]ndividual [d]efendants' activities fell within the DPPA's permitted exceptions for procurement of Kendall's information." Compl. ¶ 1171. Kendall thus asks the court to speculate and conclude — solely from the number of times defendants allegedly accessed the record, the fact that her data was sometimes accessed at odd hours[8] and her unblemished criminal record — that the purposes of law enforcement personnel were impermissible. As already explained, however, "labels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted). Although at this stage in the proceedings, Kendall is entitled to the benefit of all reasonable inferences, "a reasonable inference is one which may be drawn from the evidence *without resort to speculation*." Kinserlow v. CMI Corp., 217 F.3d

---

[8] Timing of access, however, is irrelevant because "police work is not confined to a typical workday." Ray v. Anoka Cnty, No. 14-539, 2014 WL 2511087, at *5 n.5 (D. Minn. June 4, 2014).

14

1021, 1026 (8th Cir. 2000) (emphasis added) (citation and internal quotation marks omitted).

Kendall argues that her complaint is bolstered because she is a well-known local newscaster. This allegation, however, does not raise her claims above the speculative level, because Kendall does nothing to connect her celebrity to the conduct at issue. See Mitchell, 2014 WL 835129, at *2, 8 (dismissing DPPA claim brought by news anchor because her allegations did not provide any "indication of a connection or interaction between an identifiable law enforcement officer and the plaintiff, from which the asserted impropriety of the officer's retrieval of the plaintiff's data can be plausibly inferred"); Ray, 2014 WL 2511087, at *5 (dismissing DPPA claims because the allegations provided "no basis to infer that any officers in the remaining jurisdictions have any personal connection to or interest in [plaintiff]"). But see Heglund v. Aitkin Cnty., No. 14-296, 2014 WL 3630779, at *7 (D. Minn. July 22, 2014) (finding a plausible claim where plaintiff was a law enforcement officer in the county with the most look-ups, she had been harassed by her ex-husband - who is also a law enforcement officer with access to the database - and her current husband's record was simultaneously accessed); Smythe v. City of Onamia, No. 12-03149, 2013 WL 2443849, at *6 (D. Minn. June 5, 2013) (concluding that plaintiff plausibly stated a DPPA claim because he

15

alleged in detail a "long and contentious history" between himself and the person solely responsible for accessing his data).

Moreover, "in the absence of clear evidence to the contrary, courts presume that [public officers] have properly discharged their official duties." United States v. Chem. Found., Inc., 272 U.S. 1, 14-15 (1926) (citations omitted), cited with approval in Wilburn v. Astrue, 626 F.3d 999, 1003-04 (8th Cir. 2010); cf. United States v. Eklund, 733 F.2d 1287, 1294 (8th Cir. 1984) (noting that the court was "unwilling to infer improper motivation" of government officials given the presumption of regularity). Further, the legislative history of the DPPA indicates that Congress intended to preserve broad discretion for government entities and agents in accessing motor vehicle records. See Kost, 2013 WL 6048921, at *11-12.  As a result, the court will not infer from bare, conclusory allegations that defendants' purposes were improper.  See Lancaster v. City of Pleasanton, No. C-12-05267, 2013 WL 5182949, at *3-4 (N.D. Cal. Sept. 13, 2013) (dismissing DPPA claim as insufficiently detailed to satisfy Rule 8(a) pleading requirements).  Therefore, Kendall has not adequately pleaded the DPPA claims under Twombly and Iqbal, and dismissal of the remaining timely DPPA claims is warranted.

**III.  Section 1983 Claims**

Kendall next alleges § 1983 claims, arguing that defendants violated her Fourth and Fourteenth Amendment rights by accessing

her information or allowing others to do so.  Claims under § 1983 require that defendants acted under color of state law and that their conduct resulted in a denial of rights secured by the United States Constitution or by federal law.  Scheeler v. City of St. Cloud, Minn., 402 F.3d 826, 830 (8th Cir. 2005).  Section 1983 is not an independent source of rights, and a complaint must allege a deprivation of a specific right, privilege or immunity.  Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).  Defendants argue that they did not violate any constitutional or statutory right.

Kendall alleges that defendants violated her constitutional right to privacy and her constitutional right to be free from unreasonable search, and that the City Defendants are vicariously liable for the unconstitutional acts of their employees.  The court has previously determined that claims under § 1983 are "unavailable for violations of any statutory or constitutional rights under facts analogous to those alleged in the complaint."  Mitchell, 2014 WL 835129, at *9; accord Kiminski, 2013 WL 6872425, at *14, Potocnik, 2014 WL 683980, at *6.  There are no allegations unique to Kendall that affect this determination.

To the extent Kendall alleges a claim against the City Defendants under for an unconstitutional policy or custom under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), that claim also fails because, as discussed, there are no viable underlying claims.  See Abbott v. City of Crocker, 30 F.3d 994, 998 (8th Cir.

17

1994) (holding that a municipality may not be held liable for its employees' conduct unless the employees are "found liable on the underlying substantive claim"), abrogated on other grounds by Engleman v. Deputy Murray, 546 F.3d 944 (8th Cir. 2008). As a result, the claims under § 1983 fail, and dismissal is warranted.

**IV. Invasion of Privacy Claim**

Kendall next alleges claims for invasion of privacy. Specifically, Kendall argues that defendants intruded upon her seclusion. Under Minnesota law, intrusion upon seclusion occurs when one "intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns ... if the intrusion would be highly offensive to a reasonable person." Lake v. Wal-Mart Stores, Inc., 582 N.W.2d 231, 233 (Minn. 1998) (alteration in original) (citation and internal quotation marks omitted). The court already has determined in these cases that obtaining motor vehicle records is insufficient to meet the "high threshold of offensiveness and expectation of privacy."[9] Rasmusson, 2014 WL 107067, at *9; accord Bass, 2014 WL 683969, at *7; Mallak v. Aitkin Cnty., No. 13-2119, 2014 WL 1285807, at *13-14

---

[9] Intrusion upon seclusion is subject to the two-year statute of limitations for torts resulting in personal injury. Hough v. Shakopee Pub. Schs., 608 F. Supp. 2d 1087, 1118 (D. Minn. 2009). Thus, even if viable, Kendall's claim would be time-barred because all of the alleged accesses occurred outside the statute of limitations.

(D. Minn. Mar. 31, 2014). For these same reasons, the claim for intrusion upon seclusion fails here, and dismissal is warranted.

**V.  Severance**

Finally, all defendants except Anoka County, the Commissioner Defendants and the Park Board move for severance pursuant to Rule 20. Because the court has determined that Kendall fails to state a claim against defendants, the motions to sever are denied as moot.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.  The motions to dismiss [ECF Nos. 44, 47, 65, 70, 76, 78, 83, 87, 88, 108, 109, 114, 127, 132, 141, 149, 190, 194, 198] are granted;

2.  The motion for judgment on the pleadings [ECF No. 136] is granted;

3.  The motions to sever [ECF Nos. 44, 47, 65, 70, 76, 83, 87, 88, 109, 114, 127, 136, 141, 149, 194, 198] are denied as moot; and

4.  The complaint is dismissed with prejudice as to all defendants except Sexton-Posch, LLC.

Dated:  August 13, 2014

s/David S. Doty  
David S. Doty, Judge  
United States District Court

19