```
             UNITED STATES DISTRICT COURT
                DISTRICT OF MINNESOTA
                Civil No. 14-247(DSD)
```

Alix Kendall,

        Plaintiff,

v.                                  **ORDER**

Anoka County, et al.

        Defendants.

This matter is before the court upon the motion for default judgment by plaintiff Alix Kendall. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion.

**BACKGROUND**

The background of this action is fully set out in the court's previous order dated August 13, 2014, and the court recites only those facts necessary for disposition of the instant motion. Kendall alleges that defendant Sexton-Posch, LLC violated the Driver's Privacy Protection Act (DPPA) and invaded her privacy, by accessing her motor vehicle record on January 30, 2008, without a permissible purpose. Compl. ¶¶ 1008-11, 1244-49; Compl. Ex. A, at 97. Sexton-Posch has not responded to the complaint and the clerk of court filed an entry of default on November 25, 2014. ECF No. 236. Kendall now requests a default judgment against Sexton-Posch. Kendall seeks $2,500 in damages, plus attorney's fees and costs.

**DISCUSSION**

**I.   Standard**

"The entry of default judgment should be a 'rare judicial act.'" Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (quoting Edgar v. Slaughter, 548 F.2d 770, 773 (8th Cir. 1977)). "Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but 'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" Murray v. Lene, 595 F.3d 868, 871 (8th Cir. 2010) (internal quotation marks omitted). "[I]t is incumbent upon the district court to ensure that 'the unchallenged facts constitute a legitimate cause of action' prior to entering final judgment." Marshall v. Baggett, 616 F.3d 849, 852–53 (8th Cir. 2010).

**II.  DPPA Statute of Limitations**

The court has previously held that the general four-year federal statute of limitations applies to Kendall's DPPA claim and that "a cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought." Kendall v. Anoka Cnty., No. 14-247, 2014 WL 3955265, at *2 (D. Minn. Aug. 13, 2014) (internal quotation marks omitted).  The court also determined that neither the discovery rule nor the doctrine of equitable tolling apply under these circumstances. Id.  As a

result, conduct occurring before January 26, 2010 - four years before Kendall commenced this suit - are time-barred. The only look-up attributable to Sexton-Posch occurred on January 30, 2008. As a result, Kendall's DPPA claim against Sexton-Posch is untimely. Under these circumstances, the court cannot conclude that Kendall has a legitimate cause of action against Sexton-Posch under the DPPA.

### III. Invasion of Privacy

Kendall also alleges that Sexton-Posch is liable for intrusion upon seclusion under Minnesota law. The court already determined in this case that obtaining motor vehicle records is insufficient to meet the "high threshold of offensiveness and expectation of privacy" required to establish such a claim. Kendall, 2014 WL 3955265, at *6. Even if otherwise viable, Kendall's claim against Sexton-Posch is also untimely. See id. at *6 n.9 (holding that intrusion upon seclusion is subject to a two-year statute of limitations). As a result, Kendall does not have a legitimate cause of action against Sexton-Posch under Minnesota law. Having determined that Kendall has no viable claims against Sexton-Posch, the court dismisses Sexton-Posch from this matter.

### CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion for default judgment [ECF No. 237] is denied;

and

    2.   The claims against Sexton-Posch are dismissed.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 6, 2015

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court